UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| TONY GREEN<br>1756 Lang Place, NE<br>Washington, DC 20002<br><br>LLOYD COBEY<br>9612 Randall Drive<br>White Plains, MD 20695<br><br>RALPH JONES<br>2013 Cedar Tree Court<br>Waldorf, MD 20601<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>WASHINGTON NATIONALS CLUB LLC<br>1500 South Capitol Street, SE<br>Washington, DC 20003<br><br>　　　　　Defendant. | Civil Action No. |

**COMPLAINT TO REMEDY RELIGIOUS DISCRIMINATION IN EMPLOYMENT**

1.    The three plaintiffs in this case are Washington Nationals fans who worked as Guest Services Representatives for the Nationals for the entire 2013 season. The three are Seventh-day Adventists, whose religious belief does not permit working on their Sabbath (sundown Friday to sundown Saturday). In 2013, they did not work Friday night games or day games on Saturday, and the Nats easily accommodated this. At the end of the season, though, the Nats decided to fire them because their religion required accommodation. That was a bad call. It was also illegal.

## Jurisdiction and Venue

2. This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and the District of Columbia Human Rights Act (DCHRA), D.C. Code §§ 2-1402.11 *et seq.*, to remedy defendant's action in firing plaintiffs and failing to rehire them because of their religious beliefs. This Court has jurisdiction under 42 U.S.C. § 2000e-5(f)(3). Venue lies in this District under 42 U.S.C. § 2000e-5(f)(3).

## Parties

3. The three plaintiffs each graduated from high schools in the Washington area, Tony Green from Eastern High School in 1967, Lloyd Cobey from Pomonkey High School in Indian Head, Maryland in 1967, and Ralph Jones from Eastern High School in 1966. They each earned college degrees, and plaintiff Jones also holds a master's degree in Public Financial Management. All three plaintiffs worked as managers for Federal agencies their entire career and then retired, plaintiff Green from the Department of Housing and Urban Development, plaintiff Cobey from the Securities and Exchange Commission, and plaintiff Jones from the Department of the Navy. The three received numerous performance awards during their Federal careers. Finally, all three plaintiffs are devout and active members of the Seventh-day Adventist Church. Among other activities, Plaintiff Green currently serves as a church Usher and an Hourly Facilitator on the 24 Hour Prayer Line, and volunteers as part of the Church's Homeless Ministry participating in monthly visits to homeless shelters. Plaintiff Cobey has served as an Ordained Deacon, Hospitality Chairperson, and Prayer Warrior with the church, and has volunteered in local hospitals and homeless shelters as part of church-related activities. Plaintiff Jones has served as an Ordained Deacon and Elder, Head Elder, and as a member on several church committees and volunteered to provide bible study programs at local correctional

2

facilities. All three plaintiffs genuinely hold religious beliefs which do not permit them to work on their Sabbath (sundown Friday to sundown Saturday).

4. The defendant Washington Nationals is a professional baseball club that is part of Major League Baseball. Defendant Nationals play in the Eastern Division of the National League, and they have won the Division title two out of the last three seasons, in 2012 and 2014.

**Factual Background**

5. All three plaintiffs worked as Guest Services Representatives for the Nationals. They performed their duties at Nationals Park on South Capitol Street, where the Nats play their home games. Guest Service Representatives are the people who show fans to their seats, give directions and generally help make the experience positive. (Of course, what is really needed to make the experience positive is for the Nats to get into the World Series.)

6. All three plaintiffs performed their jobs well, and regularly received praise from their supervisors regarding the services they provided to spectators at Nationals Park.

7. Plaintiff Tony Green worked as a Guest Service Representative for the Nats in the 2012 season. He usually did not work on the Sabbath, but he did on occasion during that season. On one occasion he saw a young member of the church at a time when Green was working during the Sabbath, and he felt so remorseful that he resolved never to do it again. Green informed Director of Event Operations Billy Langenstein that he could not work on his Sabbath. Langenstein is defendant's senior executive overseeing the Guest Services program. Langenstein replied that he understood and said it would not be a problem.

8. During the 2013 season, all three plaintiffs worked as Guest Service Representatives. At the beginning of the season, they each told their supervisors that they could

3

not work night games on Friday or day games on Saturday because of their religion. They were each told that they would be accommodated.

9. The Nationals sometimes rent Nationals Park to sponsors of non-baseball events, at times when the Nats are playing road games. In July 2013, defendant rented the Park for a Friday night concert featuring Paul McCartney. Before the concert, Senior Manager, Guest Experience, Maurice Ruffin, who is Langenstein's subordinate, sent an email to all Guest Service Representatives, saying that they would be expected to work the concert. Plaintiffs Green and Jones both sent email replies to Ruffin, explaining that they were Seventh-day Adventists and that their religion forbade them from working on their Sabbath, including Friday night, so they would be unable to work the Paul McCartney concert. Plaintiffs did not work the concert.

10. At one time during the 2013 season, plaintiff Jones' managers and the Guest Service Representatives scheduler inquired why Jones had not worked one Friday night game when he was listed on the schedule. Jones explained the primacy of his religious beliefs and asked to be taken off the schedule on Friday night. Jones' managers assured him that he would be accommodated.

11. Sometime in 2013, defendant adopted a policy requiring all Guest Service Representatives to work 80% of the Nationals' 81 home games, or 65 games. In 2013, though, only 57 games were Sabbath-free (not on Friday night or Saturday during the day).

12. During the 2013 season, the Nationals implemented this 80% policy flexibly and accommodated plaintiffs. This was easy, because there are several hundred Guest Service Representatives, and many moonlight from other jobs, so night games on Friday and day games on Saturday are popular. To the extent the plaintiffs had "shifts" Friday night or during the day

4

on Saturday, there was no problem finding Guest Service Representatives to cover for them. And there were no complaints from co-workers about plaintiffs' not working on their Sabbath.

13.  After the 2013 season, however, defendant decided to apply the 80% rule inflexibly, and informed plaintiffs that they were terminated because they had not satisfied the 80% rule. Each plaintiff then wrote Maurice Ruffin and reminded him of their need for accommodation. They each asked Ruffin whether defendant would reconsider the terminations. Ruffin refused. He did not explore or discuss any potential accommodations that would have permitted the plaintiffs to retain their jobs while accommodating their sincere religious beliefs.

14.  Defendant did not offer re-employment to any of the plaintiffs during the 2014 season, although each of them was interested and well qualified to return to their jobs, and asked to be re-hired with accommodations to their religious beliefs.

15.  The actions of defendant in firing plaintiffs and refusing to rehire them have caused plaintiffs monetary loss. The firing has also caused each plaintiff to endure significant non-monetary loss, including emotional distress, anxiety, pain and suffering, humiliation, and loss of enjoyment of life.

16.  The actions of defendant were malicious, willful, wanton and in reckless disregard of the rights of plaintiffs, and were taken by high level managers and executives of defendant.

17.  This lawsuit is being filed during the first week of the 2015 season. The plaintiffs wish the Nats well this year, and hope they get their jobs back quickly, so they can root for the Nats in the World Series this fall while serving as Guest Service Representatives. Let's go Nats!

## DISCRIMINATION BASED ON RELIGION

18. The actions of defendant in firing plaintiffs after the 2013 season, and in refusing to re-hire them for the 2014 season, because they would not work on their Sabbath, and without consideration of accommodation of their sincere religious beliefs, constituted both a failure to accommodate plaintiff's sincere religious beliefs, and intentional discrimination based on religion, in violation of Title VII and the DCHRA.

## RELIEF

Plaintiff asks the Court to grant the following relief:

1. Declare that defendant's actions as set forth herein violated plaintiffs' rights under Title VII and the DCHRA, and order defendant to cease all discrimination against plaintiffs;

2. Reinstate plaintiffs in their positions with defendant and order defendant to provide reasonable accommodation of their sincere religious beliefs, together with all back pay and fringe benefits that they would have earned had they not been fired;

3. Award plaintiffs compensatory damages for emotional distress, anxiety, pain and suffering, humiliation, and loss of enjoyment of life, in an amount to be proven at trial;

4. Award plaintiffs punitive damages, in an amount to be proven at trial;

5. Order defendant to pay plaintiffs' costs, including reasonable attorneys' fees and any other costs allowed by law;

6. Award prejudgment interest as allowed by law;

7. Order such other and additional relief as the Court deems just and equitable.

**Jury Demand**

Plaintiffs request trial by jury.

\

*/s/ Susan E. Huhta*
_____
Richard A. Salzman 422497
Susan E. Huhta 453478
Douglas B. Huron 89326
HELLER, HURON
CHERTKOF & SALZMAN
1730 M Street, NW
Suite 412
Washington, DC 20036
(202) 293-8090

Counsel for plaintiffs